1i1nissc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                           17 Cr. 74 (CM)

IBRAHIM ISSA,

              Defendant.               Conference

------------------------------x
                                       New York, New York
                                       January 18, 2018
                                       2:45 p.m.

Before:

                   HON. COLLEEN MCMAHON,

                                       Chief Judge

                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  NOAH SOLOWIEJCZYK
     Assistant United States Attorney

BENJAMIN BRAFMAN
JOSHUA KIRSHNER
     Attorney for Defendant
```

1i1nissc

1           (Case called)
2           THE COURT:  Appearances, please.
3           MR. SOLOWIEJCZYK:  Good afternoon, your Honor.  Noah
4    Solowiejczyk, on behalf of the government.
5           MR. BRAFMAN:  Benjamin Brafman and Josha Kirshner, on
6    behalf of Mr. Issa, who is present.  Good afternoon, your
7    Honor.
8           THE COURT: Hello.  How are you?  Happy new year.
9           What are we doing, folks?
10          MR. SOLOWIEJCZYK:  Your Honor, discovery is complete
11   in this case.  I think we are here at this point to set a trial
12   date.
13          I will note for your Honor, just to put it out front,
14   the government does intend to file a superseding indictment in
15   this case that will include tax charges.
16          In addition, right now, the defendant is charged with
17   bribing public officials and theft of government funds.  To
18   file those charges, we do need to get approval from Washington
19   to file tax charges.  We are working to do that as expeditious
20   expeditiously as possible.
21          THE COURT:  Why do you want a trial date?
22          What are you bothering me to set a trial date when I
23   have no control over what goes on in Washington?
24          MR. SOLOWIEJCZYK:  Defense counsel has indicated to me
25   they would like to set a trial date.

1i1nissc

THE COURT:  Mr. Brafman, you want to set a trial date?

MR. BRAFMAN:  Your Honor, I don't want to try a case when I don't know what is coming.  I was really working off the transcript of the last appearance, where your Honor expressed some concern about the superseder we keep hearing about.

THE COURT:  Yes, the mysterious superseder.

MR. BRAFMAN:  Yes.  If this superseder is actually coming, I don't want to try two trials, and I don't want to set a quick trial date when I don't know what the charges are going to involve, because if tax charges are in, we are going to need to bring in a forensic accountant, which we have not done yet, so we don't know what they would need to do.

We've briefly discussed various trial dates, but a lot depends on your Honor's schedule obviously.

THE COURT:  Yes.  My dance card is very full.  What trial dates were you all considering?

MR. BRAFMAN:  If your dance card is full, maybe you should just tell us --

THE COURT:  Why don't you tell me what you were considering.

MR. BRAFMAN:  The government was hoping for a summer trial date.  I can't do that.  I am under the impression that your Honor's dance card may be full during that period as well.  We are now, as a practical matter, if they don't supersede immediately, I think we are looking at a trial date in the

1i1nissc

1  fall.  The difficulty is I have a trial date of September 24
2  that may go away.
3             THE COURT:  All trial dates may go away.  I am always
4  the last person in line.  I'm tired of it.
5             MR. BRAFMAN:  That's why I bring it up.
6             THE COURT:  How is April 30?
7             I happen to have time on April 30.
8             MR. BRAFMAN:  I can do that.
9             THE COURT:  That is the whole of my dance card.
10            MR. BRAFMAN:  I can do that.
11            THE COURT:  April 30.
12            MS. PLEVAN:  Your Honor, can I just ask of the
13  government in the presence of the Court if they anticipate that
14  we will have a superseding indictment well in advance of the
15  trial date so that we don't have to come back to the Court and
16  say this isn't fair.  The last we were here --
17            THE COURT:  If you don't, Mr. Brafman I assure you
18  that the trial will be put off until the 12th of never.
19            MR. BRAFMAN:  OK.  The last time we were here, your
20  Honor admonished the government.
21            THE COURT:  I know.  The last time you were here was
22  the 7th of September.
23            MR. BRAFMAN:  But your Honor admonished the government
24  not to supersede in February if we had an April trial date.  We
25  are now almost in the middle -- half of January is gone.

1    THE COURT: I mean, it looks like a problem.
2    MR. SOLOWIEJCZYK: Your Honor, we will, to the extent
3 there is anything that we need to provide to defense counsel by
4 way of discovery that would relate to the new anticipated
5 charges --
6    THE COURT: That is not the issue. What you need to
7 do is you need to call the people in Washington.
8    MR. SOLOWIEJCZYK: Yes.
9    THE COURT: And tell them that Judge McMahon has set a
10 trial date of April 30 and that if they don't supersede pretty
11 soon, they may as well forget about superseding. All right?
12    MR. SOLOWIEJCZYK: Understood, your Honor. We will do
13 that today.
14    THE COURT: I would make that call this afternoon.
15    MR. SOLOWIEJCZYK: Yes.
16    THE COURT: Truly I would.
17    MR. SOLOWIEJCZYK: I plan to.
18    THE COURT: There comes a point when the people in
19 Washington need to know what my plans are.
20    So this is what? A two-week trial?
21    MR. SOLOWIEJCZYK: I think two weeks sounds
22 reasonable, your Honor.
23    THE COURT: That means that is a week and a half.
24    MR. BRAFMAN: It could be a two-week trial, Judge. I
25 don't doubt that they are being in good faith saying that. But

1i1nissc

1    without seeing the tax charges I, you know --
2             THE COURT:  We both have been around this racetrack
3    before, Mr. Brafman.
4             MR. BRAFMAN:  Yes.
5             THE COURT:  The tax charges rarely add a lot to the
6    length of the trial.
7             MR. BRAFMAN:  I will accept that.
8             THE COURT:  You know that and I know that.
9             It is he got income and we are proving that in
10   connection with other charges and he didn't pay taxes on it.
11            MR. BRAFMAN:  Yes, your Honor.
12            THE COURT:  That is the way these things usually work.
13   If we are going to have an April 30 trial, here's my position.
14            My position is that we work backward from a final
15   pretrial conference, Mr. O'Neill.
16            OK.  The government 404(b) disclosure and any in
17   limine motions from the government by March 16.
18            Any defense in limine motions by March 23.
19            Responses to in limine motions due April 10.
20            For both sides I don't take replies on in limine
21   motions.
22            We will have a final pretrial conference on April 20.
23   That is a Friday.
24            MR. BRAFMAN:  What time, your Honor?
25            THE COURT:  11 a.m.  And the government to turn over

```
1i1nissc
```

1    by that date all 3500 and Giglio material.

2             Mr. Brafman, if things don't work out, and because of

3    the superseder you find that you need time, just call

4    Mr. O'Neill.

5             MR. BRAFMAN:  Yes, ma'am.

6             THE COURT:  All right.

7             MR. SOLOWIEJCZYK:  Your Honor, the government would

8    move to exclude time under the Speedy Trial Act until the trial

9    date to permit defense counsel to make any motions.

10            THE COURT:  Why?

11            MR. SOLOWIEJCZYK:  So defense counsel can make any

12   motions and prepare for trial.

13            THE COURT:  If anybody wants to make motions, the

14   clock will stop running.

15            MR. SOLOWIEJCZYK:  OK, your Honor.

16            THE COURT:  Is that on consent, Mr. Brafman?

17            MR. BRAFMAN:  No.

18            THE COURT:  Fine.

19            MR. BRAFMAN:  We don't have --

20            THE COURT:  There are no motions pending.  There is no

21   statutory basis for me to exclude time unless the government

22   can point to a clause in the Speedy Trial Act with which I am

23   not familiar.  So, the 70 days start to run, they start to run

24   today.  We have a consent trial date.  Are we going to run out

25   of days between now and then?  If we do, then I have to move

```
1     the trial date back.
2              MR. BRAFMAN:  I think between now and April 30 --
3              THE COURT:  More than 70 days?
4              MR. SOLOWIEJCZYK:  More than 70 days, your Honor.
5              THE COURT:  Then I guess we are going to have to move
6     the trial date back to March 5.
7              MR. BRAFMAN:  Your Honor, if it allows us to keep that
8     trial date, I will consent to exclude the time between now and
9     then, because that's the trial date that works for me.  Once
10    you start moving back, it's a problem.
11             THE COURT:  It does start being a problem.  So, with
12    defense consent, we are going to exclude time to April 30.
13             MR. BRAFMAN:  Thank you, Judge.
14             THE COURT:  There will probably be some motions in
15    there, some in limine notions, because there aren't any now.
16             Thank you.
17             MR. SOLOWIEJCZYK:  Thank you, your Honor.
18             MR. BRAFMAN:  Thank you, your Honor.
19             (Adjourned)
20
21
22
23
24
25
```