```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4            v.                              17 CR 74 (CM)
 5   IBRAHIM ISSA,
 6              Defendant.
 7   ------------------------------x
 8                                       New York, N.Y.
                                         November 19, 2018
 9                                       10:30 a.m.
10
     Before:
11
                    HON. COLLEEN MCMAHON,
12
                                         District Judge
13
14                       APPEARANCES
15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     NOAH SOLOWICJCZYK
17   ELIZABETH HANFT
     SARAH PAUL
18   JIM LIGTENBERG
          Assistant United States Attorney
19
     BEN BRAFMAN
20        Attorney for Defendant Issa
21   JOSHUA KIRSHNER
          Attorney for Defendant Issa
22
23
24
25
```

1              (Case called)
2              MR. SOLOWIEJCZYK:  Good morning, your Honor.
3              Noah Solowiejczyk, for the government.  I am joined by
4    Elizabeth Hanft.  I'm also joined by Jim Ligtenberg and Sarah
5    Paul, who are the wall AUSAs on this matter.
6              MS. HANFT:  Good morning, your Honor.
7              MR. LIGTENBERG:  Good morning, your Honor.
8              MS. PAUL:  Good morning, your Honor.
9              MR. BRAFMAN:  Good morning, your Honor.
10             Benjamin Brafman and Joshua Kirshner, for Ibrahim Issa
11   who is present in the courtroom
12             THE COURT:  Good morning.
13             OK.  Funny I should get these letters when I came in
14   this morning.  I confess that as we were going through the
15   hearing last week I kept thinking to myself why isn't the
16   government saying anything about the crime fraud exception?
17   But it's not my job to carry the government's water.  So I
18   didn't.  But you've mentioned it now.
19             Mr. Brafman, understand I've read the letters.  I
20   haven't read any of the cases.  I won't have time to do that
21   until this evening because I've got a very full schedule today.
22   But is the essence of your argument is that it was waived by
23   not being brought as an alternative argument in response to
24   your motion to suppress?
25             MR. BRAFMAN:  It's two-fold, your Honor.  This is

something that if your Honor was actually going to consider, we would need to brief this for the Court and brief it Sunday night.

THE COURT:  No.  I understand that.

MR. BRAFMAN:  That's really not the essence --

THE COURT:  I am going to be considering it.  I'd like to know what -- your argument, I think, is that they've waived the right to absent a showing of good cause to rely on crime fraud exception.

MR. BRAFMAN:  That was me getting it out of my system.

THE COURT:  OK.

MR. BRAFMAN:  But that's in the a legal argument. That is a personalized sort of like why now argument.  But --

THE COURT:  Good.  We're on the same page then.

MR. BRAFMAN:  OK.  But if your Honor does read the cases -- and I know you will -- I think you will find that what we found is none of the cases really deal with the situation with the grand jury counts that we're considering.  At this moment Counts Three, Four and Five are based exclusively in my opinion on privilege materials.  So for them to say, your Honor there is an indictment and therefore, this is probable cause to believe that there was a crime committed and that's why your Honor can apply the crime fraud exception is sort of like circular reasoning because the only way they got the indictment was by using the privileged material.  And none of the cases

1  that you will read deal with a situation where that is the only
2  evidence before the grand jury, the privileged material.
3              THE COURT:  I, of course, haven't seen the grand jury
4  minutes.  So I don't know what was before the grand jury.  I am
5  going to have to know what was before the grand jury.  If the
6  government's argument is that they are going to rest their
7  probable cause finding on the grand jury then I need to know
8  what the grand jury saw.
9              MR. BRAFMAN:  Yes.  And I think if you --
10             THE COURT:  I'm turning into a state court judge.
11 Every case I am reviewing grand jury minutes.  Nuts.
12             MR. BRAFMAN:  Well, but if you see the way the
13 indictment is drafted, the indictment tracks specific e-mails
14 and specific communications that are the subject of the Kovel
15 hearing and will be the subject of materials that we are asking
16 the Court to suppress.  So it's inconceivable to me that three,
17 four and five can survive because they track the privileged
18 materials in our view.  It's actually in the indictment.
19             MR. SOLOWIEJCZYK:  Could we respond, your Honor?
20             THE COURT:  No.  I'm looking at you because I want you
21 to sit there like a bump on a log.
22             MR. SOLOWIEJCZYK:  Your Honor, first of all
23 Mr. Brafman's assertion that the indictment relies exclusively
24 on these April and May communications that the Court has found
25 may be privileged.

1              THE COURT:  Might be.

2              MR. SOLOWIEJCZYK:  That's not true.  The indictment

3     has, particularly the conspiracy count.  But there's loads of

4     other allegations that are from other time periods that don't

5     relate to information that was provided to Mr. Tsamulatis was

6     during that time period.

7              Indeed, in the conspiracy count there's pretty

8     extensive discussion, your Honor, of the other corporate entity

9     and Mr. Tsamulatis once he is in his tax preparer role --

10             THE COURT:  Can I tell you something?  I am going to

11    say to you what I said to Mr. Brafman last week.  There is

12    before me a motion to suppress, not a motion to dismiss counts

13    in the indictment.  If it turns out that you either have to

14    drop counts or I have to dismiss counts at the close of your

15    case because you failed to prove because you were not able to

16    introduce materials that I suppressed, it'll happen.  If

17    Mr. Brafman wants to make a motion that the indictment was

18    tainted, he'll make that motion.  That motion hasn't been made

19    yet.  I am tasked to do today, among many tasks that I have to

20    do today, I have to look the some documents, some of which I

21    think I've already seen.  But I have to look at some documents

22    and I have to decide whether they fall within the Kovel

23    privilege and then you can, Mr. Brafman, brief to your heart's

24    content the crime fraud exception.  Truly, you can.  I'd just

25    like to do today's job today.

1              Can we do that and then you can brief?

2              MR. BRAFMAN:  Yes, your Honor.

3              MR. SOLOWIEJCZYK:  In that event, your Honor, that's

4     why the wall assistants are here and myself and --

5              THE COURT:  And you're leaving.

6              MR. SOLOWIEJCZYK:  We are going to leave.

7              THE COURT:  Good bye.

8              MR. BRAFMAN:  Can I just say something before they

9     leave?  This is sort of like ludicrous for them to leave.  They

10    were involved in the briefing of Mr. Tsamulatis before he told

11    them there was a Kovel letter.

12             THE COURT:  They sat here during the hearing.  He sat

13    here during the hearing last week.  I have a feeling that most

14    what I'm going to see that falls within what I consider to be

15    the relevant Kovel period he's already seen.  I understand

16    that.  They can do what they want, Mr. Brafman.

17             MR. BRAFMAN:  They put the case in the grand jury and

18    they used Kovel material.  So for them to say there's a wall is

19    sort of like after the people have invaded.

20             MR. SOLOWIEJCZYK:  Two things on that, your Honor.

21             THE COURT:  I know.  It's like that fabulous Bud Light

22    commercial.  We invited them here because we're raiding their

23    castle.

24             MR. SOLOWIEJCZYK:  Right.  It's a good commercial.

25             Two points.  One, seeing documents that may privileged

IBJAAISSC1                    Conference

inadvertently is a very different thing than seeing documents onces we're aware of it.

THE COURT:  That, I understand.

MR. SOLOWIEJCZYK:  Second, he keeps talking about the grand jury.  The remedy and the very cases that he cites is when the government sees the privileged documents, he suppressed those documents, so he can't use them at trial.  That's the remedy.  I am not aware of any case that's going to support any broader proposition.  With that said we are going to leave.

THE COURT:  They have procedure and they are going to follow it and I'm not going to stop them from following it.

MR. BRAFMAN:  I understand, judge.

I quite frankly was surprised and humored by the fact that at the hearing where Mr. Solowiejczyk was present on the transcript, his name isn't on it.

MR. SOLOWIEJCZYK:  I had nothing to do with that.  That was an oversight by the court reporter.

THE COURT:  I'm assure you, his name will be on the transcript because let it be put on this transcript and not erased therefrom that I sat here and looked at him through the entire hearing.

MR. SOLOWIEJCZYK:  To be clear, your Honor, my name appears when I spoke in the transcript as well.  So, I don't think there will be any dispute that I was present at this

```
 1   hearing.
 2            THE COURT:  OK.
 3                            o 0 o
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```