04S4ROWS

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA
4              v.                        09CR687(DC)
5  SHEENA ROWE,
6                 Defendant.
7  ------------------------------x
8                                        New York, NY
                                         April 28, 2010
9                                        10:10 a.m.
10 Before:
11                  HON. DENNY CHIN
12                                       District Judge
13                     APPEARANCES
14 PREET BHARARA
        United States Attorney for the
15      Southern District of New York
   TELEMACHUS KASULIS
16      Assistant United States Attorney
17 HOWARD JACOBS
        Attorney for Defendant

1                (Case called)

2                THE COURT: Good morning.

3                Ms. Rowe, you pled guilty to conspiracy to

4   distributing and possessing with intent to distribute crack

5   cocaine. You are here this morning to be sentenced for that

6   crime. Have you read the presentence report?

7                THE DEFENDANT: Yes.

8                THE COURT: Did you discuss it with Mr. Jacobs?

9                THE DEFENDANT: Yes.

10               THE COURT: Mr. Jacobs, have you reviewed the

11  presentence report and discussed it with your client.

12               MR. JACOBS: Yes, your Honor.

13               THE COURT: Do you or your client have any objections

14  to the presentence report.

15               MR. JACOBS: No objections, your Honor. There was a

16  question with regard to Mr. Rowe's bank account and how much

17  money she had in the bank account. She informs she has about

18  $10 in it.

19               THE COURT: OK.

20               Mr. Kasulis, does the government have any objections

21  to the presentence report.

22               MR. KASULIS: No, your Honor.

23               THE COURT: I accept and adopt the factual recitations

24  set forth in the presentence report. I accept and adopt the

25  guidelines calculation. The offense level is 10, criminal

1    history category I, the guidelines range is 6 to 12 months.

2            I have a letter from Mr. Jacobs dated April 19, 2010,

3    which I have read.  Attached to his letter are some letters in

4    support of Ms. Rowe.  I have read them as well.

5            Mr. Jacobs, I will hear you now on behalf of your

6    client.

7            MR. JACOBS:  Very briefly, your Honor.  First, if I

8    might congratulate your Honor on your confirmation.

9            THE COURT:  Thank you.

10           For the record, I am sitting by designation as a

11   district judge.  The chief judge has signed an order.

12           MR. JACOBS:  Ms. Rowe is a 27-year-old single mother.

13   She has always worked.  She is employed by the GAP right now.

14   As far as her upbringing, her father abandoned the family when

15   she was young; she hardly ever saw him.  She was brought up by

16   her mother.  She helped her mother care for an emotionally

17   disturbed brother.  Ms. Rowe had a relationship with a young

18   man unfortunately that turned to be very bad.  She has a

19   five-year-old daughter.  However, the young man assaulted her

20   on several occasions and was even arrested.

21           The crime in this case, Ms. Rowe, unfortunately, in

22   need of money, went to one of other brothers, who has pled

23   guilty another in another case, and instead of giving her some

24   money, he gave her some crack to deliver and she delivered it

25   on several occasions to an undercover police officer, and that

1  resulted in this case.
2          I have read the recommendation of the probation
3  department of two years probation and six months home
4  confinement.  I would just like to comment on the home
5  confinement, your Honor.  As I have just stated, she has a
6  five-year-old child.  She takes the child to and from school
7  every day.  I don't know how that would be handled if she was
8  on home confinement.  She works at the GAP which is not too far
9  from where she lives.  But again that's the situation.
10         This young lady has made a big mistake and I hope that
11 she has learned her lesson from this, and under all the
12 circumstances, I would ask that your Honor impose a fair and
13 just sentence.
14         THE COURT:  Thank you.
15         Ms. Rowe, is there anything you want to say on your
16 own behalf.
17         THE DEFENDANT:  No.
18         THE COURT:  Does the government want to add anything.
19         MR. KASULIS:  Your Honor, a brief point.  We note that
20 the defendant was charged in a (b)(1)(A) conspiracy.  I
21 conducted the safety valve proffer of Ms. Rowe myself.  In
22 connection with that proffer, the government came to the
23 conclusion that she was telling the truth and that her exposure
24 to the larger conspiracy that was pending in front of Judge
25 Castel was very limited, that she got the drugs that she sold

1   to the undercover only from her brother, knew nothing about
2   what was going on with any of those defendants.
3              The government eventually did come to the conclusion
4   that she was telling the truth that these were the only sales
5   that she participated in, and that's why we allowed her to
6   plead guilty to the lesser included (b)(1)(B) offense.
7              So unless the court has any questions.
8              THE COURT:  I don't.  Thank you.
9              Ms. Rowe, I have taken into account what I have read,
10  I have taken into account what I have heard today, I have
11  considered the statutory factors.  You have an otherwise good
12  record.  You don't have any prior convictions.  You had one
13  arrest for sounds like some kind of fight but that was not
14  pursued.  You have a good work record.  You have a
15  five-year-old.  You have the support of your mother.
16             It's hard to understand how you let this happen and
17  get involved in this.  I am sure you made almost nothing from
18  these transactions.  It's just not the way to make money.  But
19  I am confident that you have learned your lesson and there is
20  simply no need to send you to jail.
21             The question is the home confinement.  I think
22  technically if I don't do home confinement, it's a
23  below-guidelines sentence.  Does the government have a
24  position.
25             MR. KASULIS:  Your Honor --

1           THE COURT:  Home confinement, usually I would
2    certainly carve out work and childcare, including going to
3    school.
4           MR. KASULIS:  Yes.  In light of what Mr. Jacobs said
5    about the childcare issues and the employment issues, we think
6    that would at the very least be appropriate.  As is almost
7    always the case, we think a guidelines sentence is appropriate
8    and that would be just.  However, I would note of course once
9    again that her criminal conduct here was very minor and in
10   light of the other concerns that the court raised, any number
11   of sentences here could reasonably meet the goals of the
12   sentencing regime.
13          THE COURT:  Would the government object to no
14   requirement of home confinement.
15          MR. KASULIS:  I think in light of the facts of this
16   case, we would not, your Honor.
17          THE COURT:  Ms. Rowe, I am not even going to impose
18   home confinement.  Two years of probation, I have considered
19   your financial circumstances, updated by Mr. Jacobs today; I
20   will not impose a fine.  I will impose the mandatory special
21   assessment of $100.  With respect to probation, the mandatory
22   conditions will apply.  The drug testing condition is imposed
23   as a special condition.  The standard conditions will apply.
24   On page 19, conditions 2, 3, and 4 will apply.  You are to be
25   supervised by your district of residence.

04S4ROWS

1   Were there any open counts or underlying indictments.
2   MR. KASULIS:  There is not.
3   THE COURT:  There is a waiver of the right to appeal.
4   MR. KASULIS:  There is.
5   THE COURT:  Ms. Rowe, it would appear to me that you
6   do not have the right to appeal this judgment or sentence.  If
7   you wish to try to appeal, you must do so within 10 days.  If
8   you cannot afford an attorney, the court will appoint one for
9   you without cost.
10  You are on probation for two years.  Mr. Jacobs and
11  the probation officer will explain the conditions for you.  I
12  know that during the pretrial phase you were testing positive a
13  couple of times for marijuana.  If you do that again, you will
14  be violating the terms of your probation and the government can
15  come back to me and ask me to put you in jail.  So, you don't
16  want that to happen.  You want to be a good mother and a good
17  daughter and hopefully I won't see you again.
18  Good luck to you.
19  THE DEFENDANT:  Thank you.
20                         -  -  -

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300