ICJHIss1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            17 Cr. 74 (CM)

IBRAHIM ISSA,
                                          Trial
                 Defendant.

------------------------------x
                                          New York, N.Y.
                                          December 19, 2018
                                          11:30 a.m.

Before:

                    HON. COLLEEN MCMAHON,

                                          District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
NOAH SOLOWIEJCZYK
ELIZABETH HANFT
KYLE WIRSHBA
     Assistant United States Attorneys

BRAFMAN & ASSOCIATES, P.C.
     Attorneys for Defendant
BY:  BENJAMIN BRAFMAN
     JOSHUA D. KIRSHNER
     STUART GOLD

ALSO PRESENT:   ANTHONY DUBAR, Special agent USPS-OIG
                GRACE SOTO, Special agent IRS
                COLLEEN GEIER, Paralegal Specialist USAO
                PRIYA KUARLALL, Paralegal
```

1           (Trial resumed; jury not present)

2           (At 11:15 a.m., note received from the jury)

3           THE LAW CLERK:  There's a note.  It's Court Exhibit 2.

4           THE COURT:  I don't know what this means.

5           MR. BRAFMAN:  Excuse me?

6           THE COURT:  I don't know what this means.

7           MR. SOLOWIEJCZYK:  Your Honor, that's our view as
8    well.  We think it requires further clarification.

9           THE COURT:  I don't know what this means.

10          MR. BRAFMAN:  Judge, the specific answer to the
11   question, "Ignorance means blind eye?"  I think the answer is
12   no.  It requires more than that based on your instructions, and
13   same thing --

14          THE COURT:  Well, if they're asking for the definition
15   of ignorance, which I need them to clarify, I will tell them
16   ignorance means you don't know.  You don't know it, that's what
17   it means.  To be ignorant of something means not to know it.

18          MR. BRAFMAN:  That's fine.

19          THE COURT:  If that's what they want.  Owner's -- I
20   assume that this is the misspelling of consent.

21          MR. BRAFMAN:  Consent, yes.

22          THE COURT:  "Owner's consent," I don't even know what
23   that means.  I don't have a clue.

24          MR. BRAFMAN:  I think it's part of the same question.

25          THE COURT:  It may be, but they're going to have to

1  clarify it, Mr. Brafman.
2             MR. BRAFMAN:  Yes, ma'am.
3             MR. SOLOWIEJCZYK:  It would be helpful if they could
4  clarify what count they're talking about if they are talking
5  about a specific count.
6             MR. BRAFMAN:  Well, I think your Honor's question
7  that --
8             THE COURT:  I think I know how to ask.  I have to tell
9  them I don't understand their question.
10            MR. BRAFMAN:  But I think with respect to ignorance,
11 what your Honor said a moment ago is the correct statement.
12 Ignorance is you don't know.
13            THE COURT:  Can you bring them in.  They have to
14 clarify this.
15            (Jury present)
16            THE COURT:  Good morning, guys.
17            JUROR:  Good morning.
18            THE COURT:  I don't understand the note, and you're
19 not going to talk to me.  You're going to go back and clarify
20 it.  I don't know if you're asking for a definition of
21 ignorance, and if so, from where?  What count?  Where in the
22 charge?  I mean, I think you all know what it is to be ignorant
23 of something.  It means you don't know it, but I'm not sure I
24 understand that.  "Owner's consent," I just don't understand
25 what that means at all.  So you need to clarify, maybe by

|   |   |
|---|---|
| 1 | saying where in the charge you're confused or being more |
| 2 | fulsome about what it is that you're asking.  This is just a |
| 3 | little too cryptic for me.  I'm really sorry. |
| 4 |      So I'm going to send this note back with you, and |
| 5 | maybe you can clarify it for me.  OK.  Thank you. |
| 6 |      (Jury deliberations resumed at 11:32 a.m.) |
| 7 |      THE COURT:  Let's just wait a few minutes and see what |
| 8 | happens. |
| 9 |      (Recess pending verdict) |
| 10 |      (At 11:35 a.m., jury note received) |
| 11 |      THE COURT:  Case on trial continued.  The parties are |
| 12 | present.  The jurors are not present. |
| 13 |      "Count Two, second element:  Please clarify the phrase |
| 14 | 'without the owner's consent.'  Can we have an example?" |
| 15 |      This has to do with taking someone else's money. |
| 16 | Page 35, says Mr. O'Neill, and he should know.  He wrote it. |
| 17 |      MR. BRAFMAN:  Your Honor, at the bottom of -- on |
| 18 | page 35 in the bottom of that charge, you say:  "To act |
| 19 | knowingly means to act intentionally and voluntarily and not |
| 20 | because of ignorance." |
| 21 |      THE COURT:  They no longer are interested in the word |
| 22 | "ignorance."  This note doesn't contain the word "ignorance." |
| 23 | It says:  "Please clarify 'without the owner's consent.'  Can |
| 24 | we have an example?"  That's what the note says. |
| 25 |      MR. BRAFMAN:  But this is a follow-up to the note |

1  about ignorance.

2      THE COURT:  Apparently whatever I told them previously
3  about ignorance was sufficient, was sufficient.  I did tell
4  them what I told you I was going to tell them.  It means you
5  don't know and without knowing.  That's what ignorance means.
6  And apparently that cleared it up for them because they don't
7  want to know anything anymore.  Right now they want to know an
8  answer to the question, what does it mean "without the owner's
9  consent," to take someone else's money or property without the
10 owner's consent?  I'm dumbfounded, but OK.

11     MR. SOLOWIEJCZYK:  Sure.  Your Honor, I mean, these
12 are synonyms, but we could just explain if the owner didn't
13 authorize you to do it, that would be without consent.

14     THE COURT:  The owner didn't give you permission.

15     MR. SOLOWIEJCZYK:  Permission to take it.  There are
16 ways to just sort of use the same words, and hopefully the
17 message will get through.

18     MR. BRAFMAN:  But, Judge, the case was argued on the
19 theory that this was a taking without the owner's consent only
20 because you used unauthorized expenses, but that does not --
21 Judge, you don't need to explain to them that the post office
22 master general, whoever that is, has to consent or not consent.
23 That's really not --

24     THE COURT:  I never suggested that I would say any
25 such thing.

1            MR. BRAFMAN:  Could we understand what the Court
2     intends to say?
3            THE COURT:  Well, I don't know.  I'm thinking about
4     it.
5            MR. BRAFMAN:  OK.
6            THE COURT:  I'm asking you for your thoughts.
7            MR. SOLOWIEJCZYK:  I think it's broader than that,
8     your Honor.
9            THE COURT:  I could tell you I wasn't planning to
10    bring the postmaster general into it.  He was not in my mind.
11           MR. SOLOWIEJCZYK:  Your Honor, I think it's broader
12    than that.  This is the part of the charge that relates to
13    stealing money or property.
14           THE COURT:  Right.
15           MR. SOLOWIEJCZYK:  What does stealing money or
16    property mean?
17           THE COURT:  Folks, folks, we all know what it means to
18    steal.  It means to take something without permission.
19           MR. SOLOWIEJCZYK:  Right.
20           THE COURT:  You come up to my desk and you take away
21    my ChapStick and you don't ask my permission, you've stolen my
22    ChapStick, OK.
23           MR. BRAFMAN:  But your Honor, the sentences have to --
24    if you're going to do that, the sentence has to be to steal
25    property -- I'm reading from your charge on page 35, the second

1      element, second sentence, second paragraph.

2               THE COURT:  Yes.

3               MR. BRAFMAN:  "To steal money or property means to
4      take someone else's money or property without the owner's
5      consent with the intent to deprive the owner of the value of
6      that money or property."  I don't think you can read half the
7      sentence.

8               MR. SOLOWIEJCZYK:  It's not reading half the sentence.

9               THE COURT:  I'm perfectly -- just give me a minute.
10     I'm perfectly happy to come up with a better clarification, OK.
11     So I'm going to read the whole sentence first, OK.

12              MR. BRAFMAN:  Thank you.

13              THE COURT:  Then I'm going to say:  You know what it
14     means to steal something.

15              MR. BRAFMAN:  Could we have a copy of that note?

16              THE COURT:  That word has a common, everyday
17     understanding.  If you go into my house and take my TV without
18     my permission and with the intent to keep it for yourself, you
19     steal it.

20              MR. BRAFMAN:  Your Honor.

21              THE COURT:  Yes.

22              MR. BRAFMAN:  If I may, just so the record is clear, I
23     believe that the manner in which the notes came out, first
24     dealing with ignorance, then your Honor said go back and
25     clarify, I think you need to, whatever you say, reference their

earlier note.

    THE COURT:  I have no intention of referencing the earlier note.  Apparently what I said about the meaning of the word "knowledge," which was something you OK'd, answered their question.  I am not going to reference the earlier note.  You have your exception.

    MR. BRAFMAN:  But that --

    THE COURT:  I'm sorry.  You have your exception.

    MR. BRAFMAN:  OK.  Can we have -- we don't have a copy of the note, so it's hard to just do this.

    THE COURT:  Here, give them a copy of the note so that they have.  Give them that copy of the note.  I don't care whether he has the original of the note or not.

    MR. BRAFMAN:  Your Honor, is your Honor going to read the whole second element?

    THE COURT:  No, I'm going to read the second sentence.

    MR. BRAFMAN:  OK.

    THE COURT:  It's clear now from your note that you're talking about page 35, the second sentence of the second element of Count Two, the sentence reads:  "To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property," and you want an example of what it means to take property without the owner's consent. Ladies and gentlemen, I think you know what it means to steal

1  something.  That's a word that has a common meaning and
2  understanding.  If you go into my house and take my TV and put
3  it in your car and drive away with it, intending to put it in
4  your house, you steal my TV, OK.  You have taken my property
5  without my consent.
6           MR. BRAFMAN:  OK.
7           THE COURT:  I'm perfectly happy to add:  Now, the
8  government has argued that Mr. Issa took the post office's
9  money without its consent in three different ways.
10          MR. BRAFMAN:  No, I think that would be inappropriate.
11          THE COURT:  I'm happy not to say it.
12          MR. SOLOWIEJCZYK:  I think it would be appropriate,
13 your Honor.  Just so it's clear, we're not -- this isn't a case
14 about taking TVs; it's about taking money.
15          MR. BRAFMAN:  If you do that, then you must balance it
16 by saying the allegation is that the theft, if you will, was
17 made through the VMF.  Because if you steal money from the post
18 office, their argument is he didn't go to the post office to
19 steal it; that he stole it from the VMF that he submitted his
20 invoices to.  So if you go beyond the charge that you were
21 going to go into and suggest what Mr. Noah did, then you've got
22 to balance it with our argument that the VMF authorized these
23 payments.
24          THE COURT:  I'm not making any argument.  I'm not even
25 going to tell them what the three ways are.

1          MR. BRAFMAN:  OK.  Thank you.
2          THE COURT:  OK.  I'm not.
3          MR. BRAFMAN:  Thank you.
4          You could do the TV example, your Honor.
5          THE COURT:  Well, I'm going to say this isn't a case
6   quite like that.  The government doesn't allege that somebody
7   went into the post office and took money out of the cash
8   register.
9          MR. SOLOWIEJCZYK:  That's our only concern, your
10  Honor.
11         THE COURT:  You know what the government has alleged
12  constituted a taking of the money.  I'm not going to go over
13  that with you.  I've explained that to you.  You have to decide
14  whether that constituted taking money without the owner's
15  consent.  Goodbye.  Go away.  Deliberate.
16         MR. SOLOWIEJCZYK:  OK.
17         THE COURT:  Don't you wish you'd never brought Count
18  Two?  I have to tell you, I wish you never brought Count Two.
19         MR. BRAFMAN:  Can you tell them that?
20         THE COURT:  No.  I think it unnecessarily complicated
21  the trial.
22         (Jury present)
23         THE COURT:  Thank you for the clarification.  OK.
24  Your note dropped the request about knowledge, so -- or
25  ignorance, so I think whatever I said must have satisfied you.

Now you say: "Count Two, second element, please clarify the meaning of the words 'without the owner's consent,' and could we have an example?"

OK. This comes from the second sentence of page 35 of the charge which sentence reads: "To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive of the owner of the value of that money or property."

You want an example. OK. Let me give you an example that's not like this case. You know what it means to steal. The word's got a common everyday meaning. If you go into my house and you take the TV set out of the living room without my permission and you put it in your car and take it to your house and put it in your living room, you're stealing my TV, OK? You're taking my property without my consent, without my permission.

Now, that's not the facts of this case, but that's an example of what it means to take property without consent. The government doesn't allege that Mr. Issa walked into a post office and took money out of a cash register or that he stole a post office truck or anything like that. It alleges that he did in three different ways deprive the post office of its money. Those ways are set out on page 34 of the charge. I'm not going to go through them. I'm not going to go through the parties' arguments with them. But that's what it means,

1     without permission, without the owner's consent, OK?
2              Thank you, and thank you very much for the
3     clarification.  I should tell you, between 1:00 and 2:00, Chief
4     Judge McMahon has to chair the monthly meeting of the board of
5     judges.  OK.
6              (Jury deliberations resumed at 11:51 p.m.)
7              MR. BRAFMAN:  Was that last note Exhibit 3?
8              MR. SOLOWIEJCZYK:  Yes.
9              MR. BRAFMAN:  Thank you.
10             (Recess pending verdict)
11             (In open court; jury not present)
12             THE COURT:  So the jury has reached a verdict.  Let us
13    take the verdict.
14             (Jury present)
15             THE COURT:  Good afternoon, ladies and gentlemen.  I
16    have your note indicating that you have reached a verdict.
17             Mr. O'Neill, would you retrieve the verdict from the
18    foreperson.  You can return that.
19             We have a verdict on all eight counts.  Will you
20    please take the verdict.
21             THE LAW CLERK:  Yes, Judge.
22             I'll ask the defendant to please rise.
23             I'd ask the foreperson, would you please rise.  Has
24    the jury agreed upon a verdict as to all counts?
25             JURY FOREPERSON:  Yes.

1            THE LAW CLERK:  How do you find the defendant as to
2    Count One, charging him with bribery of a public official,
3    guilty or not guilty?
4            JURY FOREPERSON:  Guilty.
5            THE LAW CLERK:  How do you find defendant as to Count
6    Two, charging him with theft of government funds, guilty or not
7    guilty?
8            JURY FOREPERSON:  Not guilty.
9            THE LAW CLERK:  How do you find the defendant as to
10   Count Three, charging him with conspiracy to commit tax
11   offenses, guilty or not guilty?
12           JURY FOREPERSON:  Guilty.
13           THE LAW CLERK:  How do you find the defendant as to
14   Count Four, charging him with tax evasion, guilty or not
15   guilty?
16           JURY FOREPERSON:  Guilty.
17           THE LAW CLERK:  How do you find the defendant as to
18   Count Five, charging him with aiding and assisting in the
19   preparation and presentation of a false corporate income tax
20   return, guilty or not guilty?
21           JURY FOREPERSON:  Guilty.
22           THE LAW CLERK:  How do you find the defendant as to
23   Count Six, charging him with subscribing to a false individual
24   tax return for tax year 2012, guilty or not guilty?
25           JURY FOREPERSON:  Guilty.

1    THE LAW CLERK:  How to you find the defendant as to
2    Count Seven, charging him with subscribing to a false
3    individual income tax return for tax year 2013, guilty or not
4    guilty?
5    JURY FOREPERSON:  Guilty.
6    THE LAW CLERK:  Count Eight, how do you find the
7    defendant as to Count Eight, charging him with subscribing to a
8    false individual income tax return for tax year 2014, guilty or
9    not guilty?
10   JURY FOREPERSON:  Guilty.
11   THE LAW CLERK:  You may be seated.
12   Defendant may be seated.
13   THE COURT:  Mr. Brafman, do you want the jury polled?
14   MR. BRAFMAN:  No, your Honor.
15   THE COURT:  OK.  Thank you.
16   So, ladies and gentlemen, it is time for us to say
17   goodbye.  There sat in this courthouse for some 35 years a
18   judge, a very famous, very brilliant, learned judge named
19   Edward Weinfeld who was in every way -- his demeanor, his
20   brilliance, his attitude, his writings, he was what you would
21   want a federal judge, you would imagine a federal judge to be.
22   And he is a role model for many of us who knew him and in one
23   way or another.  I actually appeared before him when I was a
24   practicing lawyer, and he was a legend in his own time, and he
25   is to be emulated in many things.  There's one thing about

Judge Weinfeld that I will not imitate.

At this moment in the case when the verdict had been delivered and the jurors were being discharged, he gave the same speech every time.  He looked at the jurors and he said: Ladies and gentlemen, I suppose you are expecting to be thanked.  Well, you will wait in vain for thanks from me because you must take your satisfaction in knowing that you have done your duty to the best of your ability.

That really doesn't seem quite right to me, because you and I know how many people who got the same notice that you got in the mail asking them to come in at the busiest, craziest time of the year found some reason not to show up or not to cooperate or not to allow themselves to be considered seriously for the jury.  I will say, we had an extraordinary venire panel in this case, and there really wasn't any dodging.  It was really an amazing group people.  We talked about it.

But you've given two and a half weeks of your lives at the busiest time of the year to sit here and listen to testimony and consider very serious and complicated issues involving an individual not known to you and you'll never see again, and I think you've made an extraordinary sacrifice.  So in addition to taking your satisfaction from knowing that you have done your job to the best of your ability, you have my thanks and you have the thanks of all of us here in the Southern District of New York for the service that you have

ICJHIss1

1    rendered.
2             You are now discharged.  You are free to discuss the
3    case with anyone that you want.  By the same token, you have no
4    obligation to talk about this case with anybody, and I would
5    like to come back and shake hands and say goodbye, if I may.
6    Nobody's required to stick around, but Jim will come back with
7    some administrative stuff for you, and I would just like to
8    have an opportunity to tender my personal thanks and holiday
9    wishes before you leave.  You are discharged.
10            (Jury excused)
11            THE COURT:  Have a seat.  We need Mr. O'Neill.  I
12   can't do anything until he shows up.
13            Date for sentence.
14            THE LAW CLERK:  March 21, 4 o'clock.
15            MR. BRAFMAN:  Sorry?
16            THE COURT:  Does March 21 work for you, Mr. Brafman?
17   I know you have a busy calendar.
18            MR. BRAFMAN:  It does.  Based on our other experiences
19   in the last few months with probation, it's normally a little
20   bit more than three months to have everything ready, and there
21   will be a significant sentencing memo, so if we could have a
22   longer date.
23            THE COURT:  I'm happy to give you a date in April.
24            MR. BRAFMAN:  OK.
25            THE COURT:  We're going to have religious holidays.

ICJHIss1

1           MR. BRAFMAN:  April is a tough month for me.
2           THE COURT:  All of us.  I know for you and for me.
3    Hang on.
4           MR. BRAFMAN:  Either the very end of April or early
5    May would be perfect, Judge.
6           THE COURT:  Let's do it the 29th or the 30th of April,
7    OK.
8           MR. BRAFMAN:  29th of April?
9           THE COURT:  Jim.
10          THE LAW CLERK:  29th is a Monday.  The 30th's a
11   Tuesday.  Which day do you want?
12          MR. BRAFMAN:  Tuesday, any time of the day.
13          THE COURT:  4 p.m.
14          THE LAW CLERK:  4 o'clock April 30.
15          MR. BRAFMAN:  Thank you.
16          THE COURT:  Mr. Issa, you're going to be interviewed
17   by the probation department --
18          MR. BRAFMAN:  Yes.
19          THE COURT:  -- between now and then.  Mr. Brafman will
20   be with you at that interview.
21          MR. BRAFMAN:  Either Mr. Brafman or Mr. Kirshner, but
22   we want counsel present.
23          THE COURT:  There will be counsel present, yes.  OK.
24          MR. BRAFMAN:  Thank you.
25          THE COURT:  I don't know, Mr. Wirshba, bail conditions

ICJHIss1

1  continue?
2         MR. WIRSHBA:  Yes, your Honor.
3         THE COURT:  OK.  Bail continued.
4         Is there anything else that we need to do today?
5         MR. WIRSHBA:  Not from the government.
6         MR. BRAFMAN:  Your Honor, we have a lot of material in
7  that small office.  Could we have until tomorrow to get it?
8         THE COURT:  Oh, absolutely.  Tomorrow, Friday,
9  whenever it's convenient.
10        MR. BRAFMAN:  Tomorrow we'll do it.  Just don't have a
11 car available now.
12        Thank you, Judge.
13        THE COURT:  Thank you all very much.
14        (Adjourned)
15
16
17
18
19
20
21
22
23
24
25